UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant.* | Civil Action No. 24-2217 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's March 10, 2025, Minute Order, Plaintiffs, the National Student Legal Defense Network and Accountable Tech, and Defendant, the Department of Education (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

1. On June 9, 2022, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to the Department seeking the release of "all documents constituting or reflecting communications (including emails) with employees or representatives of Facebook or Meta Platforms, Inc. . . . regarding or any way pertaining to the facts that are the subject of an April 28, 2022, story in The Markup titled 'Applied for Student Aid Online? Facebook saw you.'"

2. On July 29, 2024, Plaintiffs filed the instant Complaint alleging that the Department had failed to comply with its obligations under FOIA. ECF No. 1. On September 19, 2024, Defendant filed an Answer. ECF No. 8.

3. Prior joint status reports recite the production history through February 28, 2025. ECF Nos. 9, 10, 11.

4. On March 6, the Department issued a revision of the February 28, 2025 production, which informed Plaintiffs that 65 pages of records required consultation with other agencies before the Department could make a final decision as to whether it will release or withhold additional pages. On March 6, 2025, the Department also made its sixth interim response, producing 2 pages of records from its Office of the Chief Information Officer for which consultations had been completed. The sixth interim response informed Plaintiffs that there were 63 pages of responsive records remaining that required consultations with other agencies before the Department could make a final decision regarding the release or withholding of the pages.

**Plaintiffs' Position**

5. Plaintiffs did not receive the first production related to this FOIA request until October 31, 2024—more than two years after the statutory deadline to produce the documents. ECF No. 1 at ¶¶ 22-37.

6. Since the filing of the last status report, Defendant has failed to produce any of the 63 pages that require interagency consultation.

7. Plaintiffs emailed Defendant's counsel on May 2, 2025, to inquire if Defendant intended to produce any documents before the JSR deadline. Subsequently, Defendant's counsel spoke with Plaintiffs' counsel on May 7, 2025, informing Plaintiffs for the first time that Reductions in Force ("RIF") that took place on March 11, 2025, impeded the Department's ability to continue its review and/or referral of documents to other agencies. During this conversation, Defendant's counsel requested that Plaintiffs provide to the Department all materials that the Department had previously produced to Plaintiffs, so that the Department could identify pages that require inter-agency consultation. Plaintiffs immediately fulfilled this request, sharing all

production materials on May 8, 2025. Had the Department informed Plaintiffs that it had lost access to prior counsel's files when the RIF occurred or shortly thereafter, Plaintiffs would have shared the materials sooner, avoiding the almost two-month delay in the Department's review or referral of the remaining 63 pages of records.

8. Defendant has not provided an estimated timeline or deadline for production of the remaining 63 pages.

9. As this Court has found, an agency "'is not absolved of its obligations under FOIA' to *timely produce* the requested records solely because it has 'referr[red] the documents elsewhere' for consultation." *NPR v. U.S. Dep't of Treasury*, 2021 WL 1850696, at *2 (D.D.C. Mar. 31, 2021) (quoting *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008)) (emphasis added). Plaintiffs ask the Court to set a deadline of June 30, 2025, for Defendant to produce all outstanding pages that are currently undergoing the consultation process. Establishing a deadline will afford the Department adequate time to complete the consultation process, thereby securing a definitive production timeline and avoiding indefinite postponement of it production obligations.

**Defendant's Position**

10. On March 11, 2025, the Department instituted a reduction in force ("RIF") that included the agency counsel who had been assigned to that case. Since the RIF, the Department's FOIA Service Center has assumed responsibility for FOIA litigation cases. However, the FOIA Service Center does not have access to the working files of the prior agency counsel and is currently working to familiarize itself with the productions in this case and identify the outstanding consultations. As part of this process, because undersigned counsel for the Defendant did not previously have a full set of production materials from this case, at the request of undersigned

counsel for the Defendant, Plaintiff's counsel transferred copies of all production materials received by Plaintiff for the Department's FOIA Service Center to review on May 8, 2025. Defendant intends to review these materials and continue in its efforts to identify the outstanding consults. At this time, Defendant cannot estimate when the consultation process will be complete.

11. It is well understood and recognized by the FOIA statute that interagency consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which agencies can extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III). When Defendant "receives a FOIA request for a record or records created by or otherwise received from another agency of the Federal Government, it . . . responds to the FOIA request after consultation with the other agency." 34 C.F.R. § 5.21(a); *see also ACLU of Mass., Inc. v. CIA*, Civ. A. No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). Defendant's regulation does not specify a deadline by which an agency must finish a consult.

12. Defendant is not in control of the rate of outstanding consultations residing with non-parties to this litigation and, consequently, cannot foresee the precise rate at which releases may be made.

13. For the foregoing reasons, Defendant opposed Plaintiffs' request to set a deadline of June 30, 2025, for Defendant to produce the records requiring consultation.

\* \* \*

The Parties propose they file an additional status report in sixty days, on or before July 8, 2025.

Dated: May 9, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Eric Rothschild*
　　　　　　　　　　　　　　　　　　　Eric Rothschild
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1048877
　　　　　　　　　　　　　　　　　　　National Student Legal Defense Network
　　　　　　　　　　　　　　　　　　　1701 Rhode Island Ave. NW
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　eric@defendstudents.org
　　　　　　　　　　　　　　　　　　　(202) 734-7495

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　EDWARD R. MARTIN, JR., D.C. BAR #481866
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　By: */s/ Sian Jones*
　　　　　　　　　　　　　　　　　　　SIAN JONES, D.C. Bar # 1024062
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　601 D Street, NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　(202) 252-2578

　　　　　　　　　　　　　　　　　　　*Counsel for the United States of America*