UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant*. | Civil Action No. 24-2217 (SLS) |

# JOINT STATUS REPORT

Pursuant to the Court's May 14, 2025, Minute Order, Plaintiffs, the National Student Legal Defense Network and Accountable Tech, and Defendant, the Department of Education (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

1. On June 9, 2022, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to the Department seeking the release of "all documents constituting or reflecting communications (including emails) with employees or representatives of Facebook or Meta Platforms, Inc. . . . regarding or any way pertaining to the facts that are the subject of an April 28, 2022, story in The Markup titled 'Applied for Student Aid Online? Facebook saw you.'"

2. On July 29, 2024, Plaintiffs filed the instant Complaint alleging that the Department had failed to comply with its obligations under FOIA. ECF No. 1. On September 19, 2024, Defendant filed an Answer. ECF No. 8.

3. Prior joint status reports recite the production history to date. ECF Nos. 9, 10, 11, 12.

**Plaintiffs' Position**

4. Defendant did not make their first production related to this FOIA request until October 31, 2024—more than two years after the statutory deadline to produce the documents. ECF No. 1 at ¶¶ 22-37.

5. On October 11, 2024, Defendant reported identifying 2,391 potentially responsive pages and proposed a monthly production rate of 500 pages until processing was complete. ECF No. 11 at ¶ 4. By the first Joint Status Report on January 8, 2025, Defendant had produced 1,450 pages through three interim responses. *Id.* at ¶ 5. Subsequent interim productions on January 31 and February 28, 2025, added 562 and 354 pages, respectively, from various Department offices, with some information withheld under FOIA exemptions. *Id.* at ¶¶ 6-7. When it made the fifth interim production, the Department noted that approximately 128 pages required interagency consultation, which was later revised on March 6, 2025, to 65 pages. *Id.* at ¶ 9; ECF No. 12 at ¶ 4. That same day, a sixth interim response included 2 pages from the Office of the Chief Information Officer where consultations were complete, leaving 63 pages still requiring interagency consultation. ECF No. 12 at ¶ 4.

6. Since March 6, 2025, Defendant has failed to produce any of the remaining 63 pages that require interagency consultation.

7. In preparation for the Parties' May 9, 2025 Joint Status Report, Plaintiffs contacted the government to inquire about the status of production. Just three days before the report was due, the government informed Plaintiffs that the March 11, 2025, Reductions in Force ("RIF") at the Department had impeded its ability to continue its document review and referrals to other agencies.

The Department then requested that Plaintiffs send copies of all prior productions it had made so that they could identify pages requiring interagency consultation. Plaintiffs promptly fulfilled this request. ECF No. 12 at ¶ 7.

8. On May 14, 2025, following the filing of the May Joint Status Report, the Court issued a Minute Order directing the Parties to appear for a Status Conference on July 17, 2025, and to file a joint status report by July 10, 2025.

9. Since that order was issued, the government has not produced any documents. On July 3, 2025, Plaintiffs proactively emailed the government to inquire if it intended to produce any documents before the joint status report deadline. On July 8, 2025—just two days before the deadline—the government revealed that it will not produce any documents before the deadline because the Department had not reissued consultations. According to the government, Department staff could not determine which pages were previously sent for consultation or to whom, despite Plaintiffs sharing all prior productions two months earlier. When asked why the consultations remained unissued, the government explained that the Department experienced problems with FOIAXpress that took some time to fix, and even after the fix, still could not identify which consultations had occurred. None of this was communicated to Plaintiffs until just two days before the joint status report deadline, and only after Plaintiffs contacted the government.

10. On July 10, the day of this filing, the government informed Plaintiffs for the first time that only 39 pages required additional consultation, not the 65 or 63 previously mentioned. And while the Department now asserts that those 39 pages were sent for consultation *yesterday*, it has no estimated timeline for when that process will be complete, no explanation for why it has not produced the other 24 pages that suddenly do not require consultation, or when those documents will be produced. Remarkably, it also says that it is still "working to identify" those 24

pages of records and suggests that it will "propose a plan for processing" (not even producing) those records prior to the next status report.

11.  An agency "'is not absolved of its obligations under FOIA' to *timely produce* the requested records solely because it has 'referr[red] the documents elsewhere' for consultation." *NPR v. U.S. Dep't of Treasury*, 2021 WL 1850696, at *2 (D.D.C. Mar. 31, 2021) (quoting *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008)) (emphasis added). Given the sequence of events to date, the only way to ensure the Department completes this production is to set a firm production deadline. Plaintiffs therefore ask the Court to set a deadline of August 8, 2025 for Defendant to produce all outstanding pages that require interagency consultation.

**Defendant's Position**

12.  Since the last joint status report, Defendant has worked diligently to attempt to identify the pages sent out for consultation and the agencies to which they were sent. However, Defendant's initial attempts were hindered by technical problems and, ultimately, due to a longstanding issue with the case management system, the Defendant was unable to compare prior productions against the responsive records to determine which pages were previously sent out for consultation. Once the technical issue was resolved, the Defendant reviewed the entire set of responsive records again to identify records requiring a consultation.

13.  Defendant was able to locate 39 pages that require consultations. On July 9, 2025, 22 pages were sent to the White House for consultation. The remaining 17 pages were sent to the relevant agencies for consultation.

14.  Defendant is working to identify the records that were previously withheld for consult, but which were not identified as needing consultation in the recent re-review. Defendant will propose a plan for processing those records for production prior to the next status report.

15. It is well understood and recognized by the FOIA statute that interagency consultations will likely have the effect of delaying a final response. Indeed, Congress expressly allowed for this situation in the original FOIA statute by recognizing it in one of three statutory circumstances for which agencies can extend the time to respond. 5 U.S.C § 552(a)(6)(B)(iii)(III). When Defendant "receives a FOIA request for a record or records created by or otherwise received from another agency of the Federal Government, it . . . responds to the FOIA request after consultation with the other agency." 34 C.F.R. § 5.21(a); *see also ACLU of Mass., Inc. v. CIA*, Civ. A. No. 22-11532, 2023 WL 3394485, at *7 (D. Mass. May 11, 2023) ("FOIA explicitly envisions consultation with non-party agencies."). Defendant's regulation does not specify a deadline by which an agency must finish a consult.

16. Defendant is not in control of the rate of outstanding consultations residing with non-parties to this litigation and, consequently, cannot foresee the precise rate at which releases may be made.

\* \* \*

The Parties propose they file an additional status report in thirty days, on or before August 15, 2025.

Dated: July 10, 2025

Respectfully submitted,

*/s/ Eric Rothschild*
Eric Rothschild
D.C. Bar No. 1048877
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, D.C. 20036
eric@defendstudents.org
(202) 734-7495

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Sian Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2578

*Counsel for the United States of America*