UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant*. | Civil Action No. 24-2217 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's August 29, 2025, order,[1] Plaintiffs, the National Student Legal Defense Network and Accountable Tech, and Defendant, the Department of Education (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

1.  On June 9, 2022, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to the Department seeking the release of "all documents constituting or reflecting communications (including emails) with employees or representatives of Facebook or Meta Platforms, Inc. . . . regarding or any way pertaining to the facts that are the subject of an April 28, 2022, story in The Markup titled 'Applied for Student Aid Online? Facebook saw you.'"

---

[1]   Chief Judge Boasberg's Standing Order No. 25-59, *In re: Extension of Deadlines in Civil Matters Involving the United States Following Restoration of Appropriations* (Nov. 13, 2025) extended deadlines applying to the United States and occurring during the lapse in appropriations that closed the federal government by fifty-three days. This extension pushed the October 28, 2025, deadline to file a joint status report in this matter to December 22, 2025.

2. On July 29, 2024, Plaintiffs filed the instant Complaint alleging that the Department had failed to comply with its obligations under FOIA. ECF No. 1. On September 19, 2024, Defendant filed an Answer. ECF No. 8.

3. Prior joint status reports recite the production history to date. ECF Nos. 9, 10, 11, 12, 13, 14, 16.

4. Defendant did not make their first production related to this FOIA request until October 31, 2024—more than two years after the statutory deadline to produce the documents. ECF No. 1 at ¶¶ 22-37.

5. On October 11, 2024, Defendant reported identifying 2,391 potentially responsive pages and proposed a monthly production rate of 500 pages until processing was complete. ECF No. 11 at ¶ 4.

6. By the first Joint Status Report on January 8, 2025, Defendant had produced 1,450 pages through three interim responses. *Id.* at ¶ 5. Subsequent interim productions on January 31 and February 28, 2025, added 562 and 379 pages, respectively, from various Department offices, with some information withheld under FOIA exemptions. *Id.* at ¶¶ 6-7. When it made the fifth interim production, the Department noted that approximately 128 pages required interagency consultation, which was later revised on March 6, 2025, to 65 pages. *Id.* at ¶ 9; ECF No. 12 at ¶ 4. That same day, a sixth interim response included 2 pages from the Office of the Chief Information Officer where consultations were complete, leaving 63 pages still requiring interagency consultation. ECF No. 12 at ¶ 4. By March 2, 2025, the Department had produced 2,390 pages.

7. Defendants did not produce any pages between March 3, 2025 through July 22, 2025.

8. On July 10, 2025, the Parties filed a Joint Status Report. ECF No. 13. Defendant noted it sent out 39 pages, not the 65 or 63 pages previously mentioned, for interagency consultation the day before the report deadline. ECF No. 13 at ¶¶ 10, 13-14. Plaintiffs requested a deadline for the government to complete production. *Id.* at ¶ 11.

9. On July 17, 2025, the Parties appeared for a Status Conference. At the hearing the Court ordered that a Joint Status Report be filed by July 24, 2025, in which the government was to report on when production would be completed.

10. On July 23, 2025, the government produced 2,395 responsive pages, many of which are duplicates of previously provided documents.

11. Plaintiffs were not certain whether the production included the 39 pages that were sent out for consultation on July 9, 2025, so they asked the government several clarifying questions, including to identify the 39 pages in the production by page number that were sent to agencies for consultation, noting which agency each page was sent to.

12. On July 24, 2025, the Parties submitted a joint status report and Plaintiffs requested that the Court set a deadline for the government to produce a *Vaughn* index. ECF No. 14 at ¶ 13.

13. On July 25, 2025, by Minute Order, the Court ordered the government to file a status report by July 28, 2025, reporting how long the Department needs to prepare a *Vaughn* index.

14. On July 28, 2025, the government filed a status report indicating that it will need 90 days to prepare a *Vaughn* index for 2,395 pages. ECF No. 15 at ¶ 4.

15. On July 29, 2025, by Minute Order, the Court ordered that the government provide Plaintiffs a *Vaughn* index by October 27, 2025; and the Parties file a joint status report by August

28, 2025, that addresses Plaintiffs outstanding questions to the government. Under Standing Order No. 25-59, this deadline has been extended to December 19, 2025.

16. On August 14, 2025, the government identified the 39 pages in the production that were sent to other agencies for consultation.

17. On August 19, 2025, the government answered Plaintiffs' remaining questions.

18. On December 19, 2025, Defendant provided Plaintiffs with a *Vaughn* index covering through page 0685 of the 2395 page production. The agency is continuing to work on the *Vaughn* index but was unable to complete it by the deadline. Undesigned counsel understands the following from the agency:

    a. The recent government shutdown significantly impacted the agency point person's ability to meet this deadline. As the Director of FOIA Operations in the FOIA Service Center, upon the agency point person's return to the office on November 12, 2025, his office was provided a quick deadline to close out FY 2025 actions. This included completing performance reviews for the agency point person's four direct reports and installing their new performance plans for FY 2026.

    b. During the shutdown, the Department of Education received 221 new FOIA requests, which required intake actions that took multiple weeks to complete using an all-hands-on-deck approach. In addition to providing day-to-day supervisory oversight to four FOIA analysts with a combined FOIA caseload of over 1,800 cases, the agency point person is also responsible for managing a litigation caseload consisting of 16 active cases. ED has 48 litigation cases in total.

      c. Given these circumstances, the agency point person's estimated date of completion for the *Vaughn* Index is Monday, January 5, 2026.

19. Plaintiffs respectfully request that the Court enter an Order requiring the completion of the *Vaughn* Index by Friday, January 9, 2026.

20. The Parties respectfully request that they be permitted to file an additional joint status report by January 21, 2026, to inform the Court whether they have any remaining disputes.

Dated: December 22, 2025                Respectfully submitted,

*/s/ Eric Rothschild*
Eric Rothschild
D.C. Bar No. 1048877
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, D.C. 20036
eric@defendstudents.org
(202) 734-7495

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Sian Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2578

*Counsel for the United States of America*